UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
JOEL JEANNITE,                      )
          Plaintiff,                )
                                    )       Civil Action No.
          v.                        )       23-12853-NMG
                                    )
CNA SURETY, et al.,                 )
          Defendants.               )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiff Joel Jeannite has filed a complaint in
which he seeks to hold a towing company liable for towing his
car without his consent and "extort[ing] Plaintiff for the sum
of $180 without implementing eminent domain."  Compl. at 8.
Jeannite seeks $180 million in damages.  Instead of paying the
$402 filing fee for commencing a non-habeas action, Jeannite
filed an Application to Proceed without Prepayment of Fees
("Application"), which the Court refers to also as a motion for
leave to proceed in forma pauperis).  For the reasons stated
below, the Court DENIES the motion and DISMISSES this action.

I.   Motion for Leave to Proceed in Forma Pauperis

In the Application, which Jeannite signed under penalty of
perjury, he represents that he is without any income or assets
and that he does not have regular monthly expenses for housing,
transportation, utilities, or other necessities.  Jeannite does

not, however, provide any information as to how he affords the basic expenses of life. Without such information, the Court cannot evaluate whether he may proceed in forma pauperis. Accordingly, Jeannite's motion for leave to proceed in forma pauperis is **DENIED**.

## II. Dismissal of this Action

Generally, when the Court denies a plaintiff's motion for leave to proceed in forma pauperis, the Court gives the plaintiff additional time to resolve the filing fee. In this instance, the Court dismisses the action sua sponte as a sanction for Jeannite's inappropriate litigation activity.

Earlier in 2023, Jeannite filed Jeannite v. Amaral, C.A. No. 23-11978-NMG, and sixteen other actions in which he submitted an Application which he had completed in the same manner as the Application he filed in this case. In each of these cases, the Court denied the Application without prejudice because it did not provide any information indicating Jeannite was unable to access the necessities of life.[1] Every one of

---

[1] In some of the orders denying the Application, the Court stated that it could not "reconcile Jeannite's alleged lack of any income or assets with his allegations in seven cases recently filed in this District" that "law enforcement at the Seattle airport stole from him $44,000 he had carried in his luggage during a flight from Boston to Seattle." See, e.g., Jeannite v. Correia, C.A. No. 23-11638-WGY (Docket # 4); Jeannite v. Contelmo, C.A. No. 23-11977-TSH (Docket # 4); Jeannite v. Horton, C.A. No. 23-11988-RGS (Docket # 4); Jeannite v. Parker, C.A. No. 23-11991-ADB (Docket # 4).

these cases was dismissed after Jeannite failed to respond to the Court's order denying the Application and requiring him to pay the filing fee or file a renewed and more detailed motion for leave to proceed in forma pauperis.[2]

In dismissing Jeannite v. Amaral, C.A. No. 23-11978-NMG, this Court stated that, because Jeannite had not responded to any of the orders regarding his deficient Application, it appeared that he had commenced the actions "without any serious intention of prosecuting his claims." Id. (Docket # 6 at 3). The Court warned that "[s]uch conduct is an abuse of the judicial system and could result in sanctions." Id. Similarly, in other cases, the Court reviewed Jeannite's lengthy litigation history and warned him that the Court has power to enjoin litigants who abuse the court system by bringing groundless actions, ignoring Court orders, or by otherwise wasting scarce judicial resources. See e.g., Jeannite v. Perez, C.A. No. 23-

---

[2] See Jeannite v. Perez, C.A. No. 23-11545-IT; Jeannite v. Correia, C.A. No. 23-11638-WGY; Jeannite v. Sciacca, C.A. No. 23-11689-AK; Jeannite v. ADS Smith, C.A. No. 23-11812-IT; Jeannite v. Lucy, C.A. No. 23-11884-DJC; Jeannite v. Minnicucci, C.A. No. 23-11886-LTS; Jeannite v. Doe, C.A. No. 23-11887-AK; Jeannite v. Contelmo, C.A. No. 23-11977-TSH; Jeannite v. Amaral, C.A. No. 23-11978-NMG; Jeannite v. Horton, C.A. No. 23-11988-RGS; Jeannite v. Butler, C.A. No. 23-11989-LTS; Jeannite v. Parker, C.A. No. 23-11991-ADB; Jeannite v. White, C.A. No. 23-11992-AK; Jeannite v. Olivia, C.A. No. 23-11993-ADB; Jeannite v. Smith, C.A. No. 23-11994-AK; Jeannite v. Villa, C.A. No. 23-11995-MJJ; Jeannite v. Metruck, C.A. No. 23-11996-ADB.

11545-IT (Docket # 4); Jeannite v. Sciacca, C.A. No. 23-11689-AK
(Docket #4); Jeannite v. Minnicucci, C.A. No. 23-11886-LTS
(Docket # 4); Jeannite v. Parker, C.A. No. 23-11991-ADB (Docket
# 4).

Thus, when he commenced this action, Jeannite was fully
aware that the information he provided in the Application was
insufficient to show his eligibility for in forma pauperis
status.  He had also been warned against ignoring Court orders
and commencing litigation without any intention to prosecute his
claims.  Notwithstanding, Jeannite elected to commence this
action without prepayment of the filing fee or with an adequate
motion for leave to proceed in forma pauperis, evidencing a lack
of good faith in initiating this lawsuit and indifference to the
waste of judicial resources caused by his apparently
recreational litigation.  As a sanction for this conduct, the
case is DISMISSED sua sponte with prejudice.

### III. Conclusion

In accordance with the foregoing,

1)   The motion for leave to proceed in forma pauperis
     (Docket # 2) is **DENIED**; and

2)   This action is **DISMISSED** with prejudice.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 12/07/2023